**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

AUSTIN JOSEPH DENNY,

Defendant.

**CR-11-57-GF-BMM-01**

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE**

United States Magistrate John Johnston conducted a revocation hearing on March 24, 2016. (Doc. 252.) Judge Johnston entered Findings and Recommendations in this matter on March 29, 2016. (Doc. 253.) Judge Johnson has recommended that Defendant Austin Joseph Denny be placed in custody for 98 days, with 30 months of supervised release to follow. Judge Johnston further has recommended that Denny reside in a residential reentry center for 180 days after his term of custody as a condition of Denny's supervised release. Denny timely filed an objection on March 4, 2016. (Doc. 254.)

The Court reviews *de novo* findings and recommendations to which a defendant objects. 28 U.S.C. § 636(b)(1). Findings and recommendations to

which no objection is made are reviewed for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.*, 656 F.2d 1309, 1319 (9th Cir. 1981).

Denny does not consider Judge Johnston's sentence unreasonable. Denny requests the judgment include language to allow Denny into a pre-release center if a bed becomes available before June 2, 2016. Denny suggests that this additional provision would ensure that he be placed in pre-release directly from custody. This would avoid a situation where he may be released on June 2, 2016 without an opening at the pre-release. (Doc. 254 at 3.)

A jury found Denny guilty of Simple Assault and Assault with a Dangerous Weapon in January 2012. (Doc. 137.) Judge Sam E. Haddon sentenced Denny to six months custody on Count I and 54 months custody on Count II, to run concurrently. (Doc. 201.) He began his term of supervised release on August 31, 2015. (Doc. 243 at 1.)

The United State Probation Office ("USPO") filed a Report of Offender under Supervision notifying the Court that Denny used methamphetamine on November 12, 2015. (Doc. 240.) The USPO filed another Report of Offender on December 22, 2016, that indicated Denny used methamphetamine, failed to participate in substance abuse treatment, and failed to comply immediately with Montana's violent offender registration requirements. (Doc. 241.)

The USPO filed a petition asking the Court to revoke Denny's supervised release on February 2, 2016. (Doc. 243.) The Petition alleged that Denny violated the following conditions of his supervised release: (1) Special Condition 5 by failing to participate in substance abuse treatment; (2) Standard Condition 2 by failing to report to the probation officer as directed by the USPO; (3) Special Condition 6 by failing to participate in and complete a program of substance abuse treatment as approved by the USPO; and (4) Special Condition 10 by failing to pay restitution as directed by USPO. *Id*.

Denny admitted that he violated conditions of his supervised release in a revocation hearing in front of Judge Johnston on March 24, 2016. (Doc. 252.) Denny's violation qualifies as a Grade C violation. Denny's underlying convictions consist of a Class C felony and a Class A misdemeanor. Denny's criminal history results in a criminal history category of I. Denny could be sentenced to a custody term of 24 months and could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for five to 11 months in custody.

Denny's supervised release should be revoked. Defendant admitted that he violated the terms of his supervised release, and the current violation constituted a serious breach of trust. A period of custody until a bed becomes available at the Great Falls Pre-Release represents an appropriate sentence. This sentence

addresses the Government's concerns regarding the nature of the offense and the nature of Denny's violations. It also addresses the Court's concerns regarding Denny's need for structure to help Denny develop life skills and address any drug or alcohol abuse problems. This disposition also would allow Denny to obtain employment.

**IT IS ORDERED** that Judge Johnston's Findings and Recommendations (Doc. 253) are **ADOPTED in substantial part**, to the extent described above.

**IT IS FURHTER ORDERED** that:

1. The Court revoke Defendant Austin Joseph Denny's supervised release.
2. Defendant shall be sentenced to 98 days of custody, or until a bed becomes available at the Great Falls Pre-Release. Defendant's term of custody shall be followed with 30 months of supervised release.
3. The Defendant shall reside in Great Falls Pre-Release for 180 days as a condition of his supervised release.

DATED this 13th day of April, 2016.

Brian Morris
United States District Court Judge