IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-11-57-GF-BMM |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| AUSTIN JOSEPH DENNY, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Denny of violating his conditions of supervised release by (1) using methamphetamine, (2) drinking alcohol, (3) failing to appear for random drug testing, (4) failing to participate in mental health treatment, and (5) failing to report to the probation office. Mr. Denny admitted to the violations. His supervised release should be revoked, and he should be sentenced to five months in custody, with twenty-five months of supervised release to follow.

## II. Status

A jury convicted Mr. Denny of Assault with a Dangerous Weapon on January 5, 2012. (Doc. 137.) United States District Judge Sam Haddon sentenced him to fifty-four months in custody, with thirty-six months of supervised release to follow, on April 9, 2012. (Doc. 201.) He began his first term of supervised release on August 31, 2015

The Court revoked Mr. Denny's supervised release on April 13, 2016, because he missed urinalysis testing, did not reside at his listed address, and was terminated from substance abuse treatment for failing to follow the rules. (Doc. 258.) He was sentenced to ninety-eight days in custody, with thirty months of supervised release to follow. (*Id.*) He began his current term of supervised release on June 1, 2016.

The United States Probation Office filed a Report on Offender Under Supervised Release on December 1, 2016, informing the Court that Mr. Denny provided a urinalysis sample that tested positive for Buprenorphine, and that he had admitted to snorting Suboxone. (Doc. 276.) The Court allowed him to continue his supervision but ordered him to enroll in Phase I testing through the Great Falls Prerelease Center.

The Probation Office filed a second Report on Offender Under Supervised Release on December 14, 2016, informing the Court that Mr. Denny again snorted Suboxone and consumed two liters of vodka on December 5, 2016. (Doc. 277.)

The Court allowed him to continue his supervised release.

**Petition**

The Probation Office filed a Petition for Warrant for Offender Under Supervision on January 5, 2017, accusing Mr. Denny of violating the conditions of his supervised release by (1) using methamphetamine, (2) drinking alcohol, (3) failing to appear for random drug testing, (4) failing to participate in mental health treatment, and (5) failing to report to the probation office. (Doc. 278.)

**Initial appearance**

Mr. Denny appeared before the undersigned for an initial appearance on January 17, 2016, in Great Falls, Montana. Federal Defender Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jeffery Starnes represented the United States.

Mr. Denny said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Denny admitted he violated the conditions of his supervised release. The violations are serious and warrant revocation of his supervised release.

Mr. Denny's violation grade is Grade C, his criminal history category is III, and his underlying offense is a Class C felony. He could be incarcerated for up to

twenty-four months. He could be ordered to remain on supervised release for thirty months, less any custody time imposed. The United States Sentencing Guidelines call for five to eleven months in custody.

Mr. Arvanetes recommend sentence at the higher end of the guideline range, with no supervised release to follow. Mr. Denny exercised his right of allocution and stated that he understands that he needs help with his drug addiction. Mr. Starnes recommend a guideline sentence with a term of supervised release to follow.

### III. Analysis

Mr. Denny's supervised release should be revoked because he admitted to violating its conditions. He should be sentenced to five months in custody, with twenty-five months of supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

Mr. Denny was advised that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised

release and what, if any, sanction to impose.

The Court **FINDS:**

> Austin Joseph Denny violated the conditions of his supervised release by (1) using methamphetamine, (2) drinking alcohol, (3) failing to appear for random drug testing, (4) failing to participate in mental health treatment, and (5) failing to report to the probation office.

The Court **RECOMMENDS:**

> The district court should enter the attached Judgment, revoking Mr. Denny's supervised release and committing him to the custody of the United States Bureau of Prisons for five months, with twenty-five months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 25th day of January 2017.

_____
John Johnston
United States Magistrate Judge